UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:20-cv-61670-RKA

JOSEPH RONGA,

    Plaintiff,

v.

C. R. BARD, INC., BARD PERIPHERAL
VASCULAR, INC., MCKESSON CORPORATION,
and DOES 1 THROUGH 100 INCLUSIVE,

    Defendants.
_____/

## JOINT MOTION FOR TEMPORARY STAY AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs Joseph Ronga, Benidecto Fernandez, Vivian Samuel, and Annie Newton (collectively, "Plaintiffs") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") [1] (Plaintiffs and Bard are collectively referred to as the "Parties"), respectfully submit this Joint Motion for Temporary Stay and Incorporated Memorandum of Law. The Parties request that this Court stay this case and all actions in it for a period of ninety (90) days to permit them to pursue negotiations of a global settlement of this and all cases originally filed by Plaintiffs' counsel in similar matters that were subsequently removed to the United States District Court for the Northern District of Texas and transferred to District Courts all over the country. Plaintiffs' counsel and Defendants have settled in principle similar cases remanded from an MDL. The Parties believe that a stay is necessary to conserve their resources and attention so

---

[1] A Joint Stipulation for Dismissal of Claims Against Defendant McKesson Corporation ("McKesson") Without Prejudice, seeking to dismiss the Complaint and all causes of action against McKesson without prejudice, was previously filed with the Court. (Doc. 38).

that they may attempt to resolve this case and the claims of other such plaintiffs represented by Plaintiffs' counsel. Accordingly, the Parties jointly request that the Court enter a stay of discovery and all pretrial deadlines in this case for a period of ninety (90).

## MEMORANDUM OF LAW

Plaintiffs' counsel represents approximately 230 plaintiffs with cases proceeding in courts across the country that were transferred from the *In re: Bard IVC Filters Products Liability Litigation,* MDL 2641 (the "MDL"), involving claims against Defendants for injuries they contend arise out of their use of Defendants' IVC filters. The Parties have reached a settlement in principle concerning these cases and presently are finalizing the details of this settlement.

Plaintiffs' counsel in this matter also represents approximately 575 plaintiffs with cases proceeding in this and other courts across the country that were transferred from the United States District Court for the Northern District of Texas asserting similar claims against Defendants for injuries they contend arise out of their use of Defendants' IVC filters. With respect to the cases transferred from the Northern District of Texas, such as this one, Counsel for the Parties have begun discussions in an attempt to achieve a global settlement of the cases and claims of the plaintiffs represented by Plaintiffs' counsel. The Parties believe that their resources are best directed to focusing their efforts on potential settlement discussions, especially on the heels of successful settlement discussions relating to the cases transferred from the MDL. Thus, the Parties jointly move this Court to enter a stay of all discovery and pretrial deadlines in this case for a period of ninety (90) days.

This Court has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998);

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing that the "[p]ower to stay proceedings is incidental to the power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Castle v. Appalachian Tech. Coll.*, 430 F. App'x 840, 841 (11th Cir. 2011) (district courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (citations omitted)); *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (district courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("district courts enjoy broad discretion in deciding how best to manage the cases before them"); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996) (noting the "broad discretion which is allowed a trial court to manage its own docket")); *Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*, No. 10-61987-CIV, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011) ("Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency.").

Further, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority to limit the scope of discovery or control its sequence, upon a showing of good cause and reasonableness. *Houston v. 7-Eleven, Inc.*, No. 2:14-CV-441-FTM-29CM, 2015 WL 412523, at *1 (M.D. Fla. Jan. 30, 2015). Facilitating the Parties' efforts to resolve their dispute entirely through the finalization of settlement terms, where a settlement in principle already has been reached, is reasonable and constitutes good cause for granting the requested short-term stay of discovery. *See, e.g.*, *PNC Bank, Nat'l Ass'n v. Pharis*, 2:18-CV-626-FTM-99CM, 2018 WL 5807351, at *1 (M.D. Fla. Nov. 6, 2018) (finding good cause to stay proceeding for a period of

sixty (60) days appropriate pending mediation and settlement discussions); *Technocable Wiring Specialist, Inc. v. Genesis Networks Telecom Servs.*, LLC, 8:16-CV-2590-T-35MAP, 2017 WL 7311851, at *1 (M.D. Fla. June 15, 2017) (stay appropriate while parties resolve case and finalize settlement).

Accordingly, the Parties respectfully request that the Court enter a stay of all activity in this case, for a period of ninety (90) days.

**WHEREFORE**, the Parties respectfully request that this Court enter a stay of all discovery and pretrial deadlines in this case for a period of ninety (90) days.

Dated: September 14, 2020

Respectfully submitted,

| **FEARS NACHAWATI, PLLC** | **GREENBERG TRAURIG, P.A.** |
|---|---|
| */s/ Steven Schulte* <br> Steven Schulte <br> Texas Bar No. 24051306 <br> Email: schulte@fnlawfirm.com <br> Eric Przybysz <br> Texas Bar No. 24102381 <br> Email: ericp@fnlawfirm.com <br> Darren McDowell <br> Texas Bar No. 24025520 <br> Email: dmcdowell@fnlawfirm.com <br> 5473 Blair Road <br> Dallas, TX 75231 <br> Telephone: (214) 890-0711 <br> Facsimile: (214) 890-0712 <br><br> *Counsel for Plaintiffs Joseph Ronga, Vivian Samuel, Annie Newton, and Benidecto Fernandez* | */s/ Rebecca A. Ocariz* <br> REBECCA A. OCARIZ <br> *Florida Bar No.: 156302* <br> *ocarizr@gtlaw.com* <br> **GREENBERG TRAURIG, P.A.** <br> *333 SE 2nd Avenue, Suite 4400* <br> *Miami, Florida 33131* <br> *Telephone: 305-579-0644* <br> *Facsimile: 305-579-0717* <br><br> *Counsel for Defendants C. R. Bard, Inc., Bard Peripheral Vascular, Inc., and McKesson Corporation* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Sabrina R. Gallo*
SABRINA R. GALLO

## SERVICE LIST

**Darren McDowell**
**Eric Martin Przybysz**
**Steven Scott Schulte**
Fears Nachawati, PLLC
5473 Blair Road
Dallas, TX 75231
ericp@fnlawfirm.com
dmcdowell@fnlawfirm.com
schulte@fnlawfirm.com

**Jordan E. Jarreau**
**Melissa Dorman Matthews**
**Jessica Junek**
Hartline Barger LLP
8750 N Central Expressway, Suite 1600
Dallas, TX 75231
mmatthews@hartlinebarger.com
jjarreau@hartlinebarger.com
jjunek@hartlinebarger.com